JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re HILARIO D. GONZALES,<br><br>    Debtor,<br><br>HILARIO D. GONZALES,<br><br>    Appellant,<br><br>    v.<br><br>VICTORVILLE LENDING, LLC,<br><br>    Appellee. | No.   ED CV 23-1102 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 6:23-11424-SY |

Debtor and appellant Hilario D. Gonzales ("Debtor" or "Gonzales") has filed a Notice of Appeal challenging the Bankruptcy Court's imposition of sanctions against him and his counsel RoseAnn Frazee ("Frazee") pursuant to Federal Rule of Bankruptcy Procedure 9011. The Bankruptcy Court awarded sanctions after granting a Motion for Sanctions filed by creditor and appellee Victorville Lendings, LLC ("Victorville Lending"). The Bankruptcy Court assessed the sanctions against Gonzales and Frazee jointly and severally.

The court has reviewed the briefing filed in connection with the appeal and deems the matter suitable for decision on the papers. See Fed. R. Bankr. P. 8019(b); Fed. R. Civ. Pro. 78(b); Local Rule 7-15.

## I. Factual and Procedural Background

Gonzales, through two different entities during different periods of time, owned a 29 acre parcel of undeveloped property in Victorville, California. The first of those entities, Topaz Capital and Investments, Inc. ("Topaz"), filed two bankruptcy petitions under Chapter 11 in 2010 and 2013. The second entity controlled by Gonzales, Adaptive Identity Systems LLC ("AIS"), filed a bankruptcy petition under Chapter 11 in 2022 and two Chapter 11 petitions in 2023.

Victorville Lending had originally loaned $4,920,000.00 to AIS secured by a deed of trust on the property. Victorville Lending and AIS later amended the loan agreement and increased the amount of the loan to $6,910,000.00. After AIS filed the fifth bankruptcy petition, Victorville Lending filed a Motion for Relief from Stay so that it could initiate foreclosure proceedings on the property. At the hearing on the Motion for Relief from Stay, the Bankruptcy Court stated: "[T]he records are abundantly clear . . . that this Debtor has over the many past years, filing five bankruptcy cases that are all going nowhere, is engaged in a scheme to hinder delay and defraud creditors." In granting the Motion for Relief from Stay in the fifth bankruptcy proceeding, the Bankruptcy Court granted <u>in rem</u> relief with respect to the property to Victorville Lending by specifying that the relief from the stay "shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after" April 7, 2023. The foreclosure sale for the property was rescheduled for Monday, April 10, 2023.

On Sunday, April 9, 2023, Frazee filed a sixth bankruptcy petition on behalf of Gonzales in his individual capacity instead of for one of the entities he controlled. After filing the sixth bankruptcy petition, Frazee contacted the entity conducting the foreclosure sale and said that the property "is covered by a bankruptcy stay" in an effort to stop the foreclosure. Despite these efforts, the foreclosure sale occurred on April 10, 2023. Because Frazee and Gonzales had not filed all of the required documents with the sixth petition, the Bankruptcy Court issued deficiency notices warning that the sixth bankruptcy case would be dismissed if Frazee and Gonzales did not cure the deficiencies.

Victorville Lending filed a Motion for Sanctions on April 13, 2023, seeking to sanction both Frazee and Gonzales pursuant to Federal Rule of Bankruptcy Procedure 9011. On April 18, 2023, the Bankruptcy Court dismissed the sixth bankruptcy case because Frazee and Gonzales did not file the required documents to cure their deficient petition. Gonzales filed an Opposition to the Motion for Sanctions on April 20, 2023, which was supported by Declarations from Frazee and Gonzales. Victorville Lending filed a Reply on April 27, 2023, and the Bankruptcy Court conducted a hearing on the Motion for Sanctions on May 4, 2023, in which Frazee participated telephonically.

During the hearing, the Bankruptcy Court granted the Motion for Sanctions after concluding that Gonzales and Frazee "didn't even make an attempt to disguise the true motive of why this bankruptcy case was filed. It's very clear to me, based on what I've read in your declaration, your client's declaration, the argument you made today, that the sole purpose of Mr. Gonzales filing for bankruptcy was to delay that foreclosure sale based on an argument that somehow Mr. Gonzales filing for bankruptcy would extend the automatic stay to the property owned by a separate corporate entity." The Bankruptcy Court concluded that Frazee and Gonzales were "jointly responsible" for the bad faith filing of the sixth bankruptcy petition and assessed the sanction against both of them jointly and severally.

The Bankruptcy Court limited the amount of the sanction to the attorneys' fees and costs incurred by Victorville Lending in connection with the sixth bankruptcy case and "$5,000 more to prevent a repetition of this conduct." The Bankruptcy Court ordered Victorville Lending's counsel to submit time records to document the amount and reasonableness of the fees, and provided Frazee and Gonzales seven days to contest the evidence submitted by Victorville Lending in support of the fees and costs sought as a sanction.

Victorville Lending's counsel submitted a Declaration containing billing records in support of the amount of attorneys' fees incurred by Victorville Lending in the sixth bankruptcy case. Frazee and Gonzales did not file an Opposition to the amount of the fees sought by Victorville Lending. The Bankruptcy Court, on May 26, 2023, issued a written

order granting the Motion for Sanctions and awarding Victorville Lending $45,783.95 in sanctions, which consisted of $40,115.16 in attorneys' fees, $668.79 in costs, and $5,000.00 to deter repetition of the bad faith behavior of Frazee and Gonzales.

Gonzales filed a Notice of Appeal on June 9, 2023. The Notice of Appeal lists only Gonzales as an appellant. Frazee is not listed as an appellant on the Notice of Appeal.

**II.	Standard of Review**

Courts analyzing sanctions under Federal Rule of Bankruptcy Procedure 9011 "commonly rely on cases interpreting [Federal Rule of Civil Procedure] 11." In re DeVille, 361 F.3d 539, 550 n.5 (9th Cir. 2004); see also In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir. 1991) ("The language of Rule 9011(a) is virtually identical to that of [Rule 11], and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases."). Appellate review of Rule 9011 sanction orders is "conducted under the same standard applicable to an order of sanctions under Rule 11 . . . ." In re Taylor, 884 F.2d 478, 480 (9th Cir. 1989). According to the Ninth Circuit, "factual findings relied on by the court to establish a violation of the rule are reviewed under the clearly erroneous standard, the legal conclusion that the facts constitute a violation of the rule is reviewed de novo, and the appropriateness of the sanction imposed is reviewed for an abuse of discretion." Id. [1/]

**III.	Analysis**

Federal Rule of Bankruptcy Procedure 9011, much like Federal Rule of Civil Procedure 11, provides:

> (a)	Signature
>
> Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. . . .

---

[1/]	The Ninth Circuit has, on other occasions, applied an abuse of discretion standard "in reviewing all aspects of a [bankruptcy court's] imposition of Rule [9011] sanctions." In re Grantham Bros., 922 F.2d at 1441; see also In re DeVille, 361 F.3d at 547 ("This court reviews an award of sanctions for an abuse of discretion.").

-4-

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions

. . .

    (2) Nature of sanction; limitations

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an

|   |   |
|---|---|
|   | order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. |
|   | . . . |
| (3) | Order |
|   | When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. |

Fed. R. Bankr. Pro. 9011.

As an initial matter, this Court concludes that it lacks jurisdiction to consider arguments on behalf of Frazee challenging the sanctions against her because the Notice of Appeal names only Gonzales and does not evince an intent to appeal on behalf of Frazee. See Fed. R. App. Pro. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."). It is not clear from the Notice of Appeal, which lists only Gonzales as an appellant, that Frazee sought to become an appellant. Additionally, because the sanctions were issued against both Frazee and Gonzales jointly and severally, this is not a situation in which the Notice of Appeal filed by a client, for sanctions imposed only against the client's attorney, evinces an intent to appeal on behalf of the attorney. See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1149 (9th Cir. 2003) ("Counsel's intent to appeal is clear from the face of the notice of appeal. The notice of appeal directly challenges only the sanctions against Retail Flooring's counsel. Counsel was aware that the notice of appeal challenged only the sanction against him: his name appears on the notice as the attorney for Retail Flooring and he signed and filed the notice of appeal. In addition, counsel attached to the notice of appeal a copy of the court minutes where the trial judge

granted the motion for sanctions against Retail Flooring's counsel. . . . Counsel's desire to appeal the sanctions order, under these circumstances, is manifest."); see also Methven & Assocs. Prof'l Corp. v. Kelley, 669 F. App'x 923, 924 n.1 (9th Cir. 2016) ("While Robinson contends that Scarlett Paradies–Stroud, Andy Stroud, Inc., and Stroud Productions and Enterprises, Inc. (together, the 'Stroud Parties') are additionally appellants, the Stroud Parties were not named as appellants in the caption or body of the operative notice of appeal, nor was their intent to appeal apparent on the face of that notice. Fed. R. App. P. 3(c). They are therefore not parties to the appeal."); In re Nijjar, Case No. 1:18-cv-1961 DAD, 2020 WL 916942, at *2 (E.D. Cal. Feb. 26, 2020) (finding that a Notice of Appeal filed by the clients who were jointly and severally liable for sanctions with their counsel did not create appellate jurisdiction for the appeal by the attorneys who were not listed as appellants on the Notice of Appeal).

Even if Frazee had filed a sufficient Notice of Appeal on her own behalf, and for purposes of Gonzales' appeal of the sanctions imposed against him, this Court concludes that the Bankruptcy Court acted within its discretion in granting Victorville Lending's Motion for Sanctions and finding that Frazee and Gonzales acted with an intent to "harass or to cause unnecessary delay or needless increase in the cost of litigation" by filing the sixth bankruptcy proceeding and contacting the entity conducting the foreclosure sale in an effort to delay that sale. Fed. R. Bankr. Pro. 9011(b)(1). As a result, the Bankruptcy Court did not clearly error when it imposed sanctions against Frazee and Gonzales, jointly and severally, under Federal Rule of Bankruptcy Procedure 9011. Nor did the Bankruptcy Court abuse its discretion in adopting the $40,115.16 in attorneys' fees and $668.79 in costs as the amount of sanctions to compensate Victorville Lending. See Fed. R. Bankr. Pro. 9011(c)(2).

The Bankruptcy Court, however, erroneously made the additional $5,000.00 in sanctions "to deter repetition of such conduct" payable to Victorville Lending rather than payable to the Bankruptcy Court. If the additional $5,000.00 in deterrence sanctions had been made payable to the Bankruptcy Court, a sanction in that amount would have been consistent with the Bankruptcy Court's sanctioning authority under Rule 9011(c)(2) and in

an amount that this Court concludes was within the Bankruptcy Court's discretion. See In re Deville, 361 F.3d at 547 (affirming the Bankruptcy Appellate Panel's affirmance of a Rule 9011 sanction and the Bankruptcy Appellate Panel's description that the "'the penalty was authorized and was appropriate in amount. But for one blemish, the 'penalty' would be eligible to be affirmed. The blemish is that the Rule 9011(c)(2) 'penalty' must be paid 'into court.' Here the penalty was ordered paid to Cardinale and thus cannot stand as a Rule 9011(c)(2) penalty.'") (quoting In re DeVille, 280 B.R. 483, 498 (B.A.P. 9th Cir. 2002)).

In arguing that the sanctions awarded by the Bankruptcy Court amounted to cruel and unusual punishment in violation of the Eighth Amendment, violated the Fourteenth Amendment's Due Process, amounted to criminal contempt, or resulted from judicial bias, as Gonzales and Frazee do in their Opening Brief, Frazee and Gonzales have fundamentally misunderstood the nature of the Motion for Sanctions filed by Victorville Lending and the basis for the Bankruptcy Court's sanctioning authority under Rule 9011. None of the arguments presented in the briefing by Gonzales and Frazee have any merit. See In re Deville, 361 F.3d at 553 (explaining that it "is clear that the rulemakers did not have in mind the criminal contempt process" when adopting the sanctioning authority of Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011).

For all of the foregoing reasons, the Court conclude that it lacks jurisdiction to consider arguments on behalf of Frazee challenging the sanctions issued against her jointly and severally with Gonzales because she did not file a Notice of Appeal on her own behalf. The Court affirms $40,783.95 in sanctions (consisting of $40,115.16 in attorneys' fees and $668.79 in costs) as the amount of sanctions against Gonzales to compensate Victorville Lending under Federal Rule of Bankruptcy Procedure 9011. The Court reverses the $5,000.00 in additional sanctions imposed against Gonzales only because it was made payable to Victorville Lending instead of to the Bankruptcy Court, and remands that portion of the sanctions order to the Bankruptcy Court to allow the Bankruptcy Court to decide if it

//
//

will Continue to assess the additional $5,000.00 as a deterrence sanction made payable to the Bankruptcy Court as allowed by Federal Rule of Bankruptcy Procedure 9011(c)(2).

   IT IS SO ORDERED.

DATED: October 23, 2023

                _____
                   Percy Anderson
                UNITED STATES DISTRICT JUDGE